UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
DISTRICT COURT DIVISION

| | | |
|---|---|---|
| Steven D. Singleton | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. |
| | ) | |
| Mark A. Singleton, individually | ) | |
| and as Trustee of the | | |
| Hubbard Albert Singleton, Sr. | ) | |
| Revocable Living Trust | | |
|     Defendant. | ) | |

## COMPLAINT FOR DAMAGES & EQUITABLE RELIEF

**COMES NOW,** STEVEN D. SINGLETON, and files this, his Complaint for Damages and Equitable Relief, and shows this Honorable Court as follows:

### PARTIES & JURISDICTION

1.

Plaintiff STEVEN D. SINGLETON is an individual and a resident of the State of Florida and is subject to the jurisdiction of this Court.

2.

Defendant MARK A. SINGLETON is an individual and may be served at 132 Renford Road, Ball Ground, Cherokee County, Georgia 30107. Upon service, this Court has personal jurisdiction over Defendant Mark A. Singleton.

3.

This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a), because this case presents a controversy between citizens of different states and in which citizens of a foreign state are parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.

Venue is proper in this District pursuant to the provisions of 28 U.S.C. §1391(a) because a substantial part of the events and transactions giving rise to the claims alleged in the Complaint occurred with this District and pursuant to the provisions of 18 U.S.C. §1965.

### STATEMENT OF RELEVANT FACTS

5.

Hubbard Albert Singleton, Sr. ("Decedent") had four children, to wit: Mark A. Singleton, Hubbard Albert Singleton, Jr., Steven D. Singleton, and Paula Lee Brincefield.

6.

The Hubbard Albert Singleton, Sr. Revocable Living Trust (hereinafter the "Trust") was settled by Decedent Hubbard Albert Singleton, Sr. on April 17, 2014. A true and accurate copy of the Trust is attached and incorporated hereto as Exhibit A.

7.

During his life, Decedent made four amendments to the Trust, to wit: the First Amendment to the Hubbard Albert Singleton, Sr. Revocable Living Trust dated April 14, 2015 (attached and incorporated hereto as Exhibit B); the Second Amendment to the Hubbard Albert Singleton, Sr. Revocable Living Trust dated November 12, 2015 (attached and incorporated hereto as Exhibit C); the Third Amendment to the Hubbard Albert Singleton, Sr. Revocable Living Trust dated February 29, 2016 (attached and incorporated hereto as Exhibit D); and the Fourth Amendment to the Hubbard Albert Singleton, Sr. Revocable Living Trust dated April 13, 2017 (attached and incorporated hereto as Exhibit E).

8.

Pursuant to the Fourth Amendment to the Trust, Mark A. Singleton and Hubbard Albert Singleton, Jr. were named as Co-Successor Trustees of the Trust, and both Mark A. Singleton and Hubbard Albert Singleton, Jr. were, in fact, appointed as Trustees of the Trust.

9.

Hubbard Albert Singleton, Jr. renounced his appointment as Co-Successor Trustee of the Trust and Mark A. Singleton thereafter continued as sole Trustee as permitted by the Fourth Amendment to the Trust.

10.

The Trust established a revocable living trust for Decedent as the primary beneficiary during his lifetime. The Trust became irrevocable upon the death of Decedent with Decedent's children becoming the remaining beneficiaries. (See Article Three of Trust).

11.

Specifically, the Trust provides that

> "Upon my death, the trust shall become **irrevocable**, and the Trustee shall hold, administer, and distribute the trust property, including any additions thereto by bequest under my will or otherwise (hereinafter refer to as the "trust estate"), as hereinafter set forth."

> "Upon my death, my successor Trustee(s) shall take charge of the assets then remaining in this trust and make a distribution thereof according to the following plan of distribution:

12.

Decedent Hubbard Albert Singleton, Sr. died on April 8, 2019.

13.

On June 19, 2019, Defendant Mark A. Sington filed a Petition to Probate in Solemn Form the Last Will and Testament of Decedent Hubbard Albert Singleton, Sr. dated April 17, 2014, along with a Codicil dated April 13, 2017, in the Probate Court of Cobb County, Georgia, Estate No. 19-P-1126.

14.

Defendant Mark A. Singleton was appointed as the Executor of Decedent's Estate in Estate No. 19-1126 on July 12, 2019.

15.

Pursuant to the terms of the Last Will and Testament, and Codicil thereto, all assets of Decedent's estate were bequeathed to the Trust. A true and accurate copy of the April 17, 2014 Will and April 13, 2017 Codicil are attached and incorporated hereto as Exhibit F.

16.

On or about July 1, 2019, Defendant Mark A. Singleton, acting as Trustee of the Trust, signed a Convertible Bond in the amount of $750,000.00 in favor of Coin Closing, LLC. A true and accurate copy of the July 1, 2019 Convertible Bond is attached and incorporated hereto as Exhibit G.

17.

The July 1, 2019 Convertible Bond has a maturity date of January 3, 2022.

18.

In an e-mail dated November 3, 2020, Defendant reported that the "estate account was closed long ago when funds were moved to the Trust account" and that "as trustee, I decided that parking the remaining funds into an 8% convertible bond was a good investment."

19.

Defendant further reported in the November 3, 2020 e-mail that his plan "was to liquidate the bonds and/or converted equity from the bond sale in October.

While the bond was not as liquid as I hoped it is still earning great interest and I will sell your portion as we discussed as soon as I can finalize sale."

20.

On or about November 23, 2020, Plaintiff requested a formal accounting of the Estate and the Trust from Defendant.

21.

Defendant failed and refused to provide a full accounting and instead responded that he would liquidate the bond as soon possible.

22.

On September 12, 2023, Plaintiff again requested a formal accounting and distribution of the Trust as required by Article One, Section L of the Trust.

23.

Defendant again failed and refused to provide a formal accounting or a distribution of the Trust.

24.

Upon information and belief, Defendant has invested other Trust assets in various personal ventures.

25.

Plaintiff has demanded that Defendant distribute his Trust interest as required by the terms of the trust.

26.

To date, Defendant has failed and refused to make distributions as required by the terms of the Trust.

## COUNT ONE
## Breach of Fiduciary Duties

27.

Plaintiff realleges and incorporates the previous paragraphs herein by reference.

28.

As Trustee of the Trust, Defendant owes Plaintiff, as a Trust beneficiary, fiduciary duties, including a duty of loyalty and good faith.

29.

Defendant's duty of loyalty and good faith requires Defendant to refrain from acts of self-dealing with respect to the Trust, to follow and abide by the express terms of the Trust, to refrain from utilizing Trust funds for Defendant's own personal purposes, and to account to the Trust beneficiaries.

30.

Defendant has breached his fiduciary duties owed to Plaintiff by utilizing Trust funds for Defendant's own personal purposes, including investing trust funds into Defendant's personal business, failing to distribute Trust funds that are due

and owing, and failing to provide Plaintiff with an accounting of the Trust and all Trust expenses and distributions.

31.

As a direct and proximate result of the Defendant's breaches of fiduciary duties, Plaintiff has suffered and continues to suffer monetary losses and other damages. Plaintiff is entitled to recover damages from Defendant, as well as to obtain the other equitable relief requested herein.

## COUNT TWO
### Removal

32.

Plaintiff realleges and incorporates the previous paragraphs herein by reference.

33.

By engaging in self-dealing, using Trust funds for his own personal purposes, and failing to provide accountings to Plaintiff and to keep Plaintiff reasonably informed concerning the Trust and its administration, Defendant has committed multiple breaches of Trust.

34.

By reason of the foregoing, this Court should remove Defendant as Trustee of the Trust and appoint a disinterested qualified fiduciary as successor Trustee.

## COUNT THREE
## Conversion

35.

Plaintiff realleges and incorporates the previous paragraphs herein by reference.

36.

The actions and failures to act of Defendant through which he has wrongfully taken the assets and income of the Trust and concealed these activities as described above, constitute conversion.

37.

Plaintiff has demanded the return of the assets and income of the Trust, and Defendant has failed and refused to return same.

38.

Defendant has benefited from his unlawful conversion of the assets and income of the Trust.

39.

As a proximate result of the aforementioned conduct, Plaintiff has been damaged.

*Singleton v. Singleton*
District Court of Georgia – Northern Division
Complaint for Damages & Equitable Relief
Page 9

## COUNT FOUR
### Fraud - Misrepresentation

40.

Plaintiff reincorporates herein by reference the allegations contained in previous paragraphs of this Complaint as if each such allegation were fully set forth herein.

41.

Defendant misrepresented the assets of the Trust and terms in which the Trust would be distributed.

42.

Defendant induced the Plaintiff into believing the Defendant is properly administering the assets of the Trust; that Defendant has invested Trust assets into certain investments, and that Defendant will be providing distributions as required by the terms of the Trust and law.

43.

Defendants' misrepresentations were made either mistakenly, recklessly, or willfully.

44.

Plaintiff justifiably acted and/or relied upon the misrepresentations made by Defendants.

45.

The actions and failures to act of the Defendant described above through which Defendant has wrongfully taken the assets and income of the Trust and concealed these activities as described above constitute fraud.

46.

As a proximate result of the aforementioned fraud and misrepresentations, Plaintiff has been damaged.

47.

Due to Defendant's wrongful actions, Plaintiff is entitled to recover damages from the Defendant.

## COUNT FIVE
### Accounting

48.

Plaintiff realleges and incorporates the previous paragraphs herein by reference.

49.

Included in Defendant's fiduciary duties owed to Plaintiff as Trustee of the Trust is a duty to account to Plaintiff, as a Trust beneficiary, and a duty to keep Plaintiff informed concerning the Trust and its administration.

50.

Pursuant to Article One, Section L of the Trust, the Plaintiff is entitled to an accounting.

51.

Defendant has failed and refused to provide Plaintiff with a proper accounting of the Trust despite numerous requests for such documentation.

52.

Accordingly, Plaintiff requests that this Court require the Defendant to render a full and complete accounting of his actions as Trustee of the Trust, including an accounting as to the source and extent of any monies and properties received and dispersed by the Defendant, all income collected by the Defendant in the administration of the Trust, all distributions from the Trust, and all charges for compensation and expense reimbursement made by the Defendant against the Trust.

## COUNT SIX
### CONSTRUCTIVE TRUST

53.

Plaintiff realleges and incorporates the previous paragraphs herein by reference.

54.

Pursuant to OCGA § 53-12-132(a), "[a] constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity."

55.

Defendant as utilized Trust funds through unlawful means and to his personal benefit, and the principles of equity prohibit Defendant from enjoying the beneficial interest in the Trust assets.

56.

In light of the wrongful conduct of Defendant, and because the equities of this case so demand, a constructive trust should be imposed upon the traceable assets of the Trust which Defendant has transferred or misappropriated.

## COUNT SEVEN
### Attorney's Fees

57.

Plaintiff realleges and incorporates the previous paragraphs herein by reference.

58.

Defendant's actions in using Trust funds for his own personal purposes, failing to keep Plaintiff reasonably informed concerning the Trust, and failing to

provide accountings of the Trust to Plaintiff were undertaken in bad faith and have caused Plaintiff unnecessary trouble and expense.

59.

By reason of the foregoing, Defendant is liable to Plaintiff for Plaintiff's expenses of litigation pursuant to O.C.G.A. § 13-6-11, including Plaintiff's reasonable attorney's fees and costs in an amount to be proven at trial.

### COUNT EIGHT
#### PUNITIVE DAMAGES

60.

Plaintiff realleges and incorporates the previous paragraphs herein by reference.

61.

Defendant' actions were carried out maliciously and with intent to injure Plaintiff or with reckless disregard to the consequences.

62.

Plaintiff is entitled to the maximum award of punitive damages allowed by the law.

**WHEREFORE**, Plaintiff prays as follows:

a) That process issue and that the Summons and Complaint be served upon Defendant;

b) That this Court remove Defendant as Trustee of the Trust and appoint a disinterested qualified fiduciary as successor Trustee;

c) That this Court require the Defendant to render a full and complete accounting of his actions as Trustee of the Trust or otherwise direct that such accounting be conducted;

d) For a judgment to be entered against Defendant for damages to be determined and proven at trial;

e) For a constructive trust to issue on all assets of the Trust and those traceable to the Trust;

f) That Plaintiff recover from Defendant all costs and expenses incurred in bringing this action, including reasonable attorney's fees; and

g) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 4th day of December, 2023.

/s/ Leslee Hungerford
Leslee Hungerford
Georgia Bar No. 423578
Justin O'Dell
Georgia Bar No. 549414
*Attorneys for Plaintiff*

O'DELL, O'NEAL, HUNGERFORD, & BLANCHARD
506 Roswell Street, Suite 210

          Marietta, Georgia 30060
          Telephone: (770) 405-0164
          Fax: (770) 293-0007
          Email: lch@odelloneal.com
             jbo@odelloneal.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

This 4th day of December, 2023.

>*/s/ Leslee Hungerford*
>Leslee Hungerford
>Georgia Bar No. 423578
>Justin O'Dell
>Georgia Bar No. 549414
>*Attorneys for Plaintiff*
>O'DELL, O'NEAL, HUNGERFORD, & BLANCHARD
>506 Roswell Street, Suite 210
>Marietta, Georgia 30060
>Telephone: (770) 405-0164
>Fax: (770) 293-0007
>Email: lch@odelloneal.com
>           jbo@odelloneal.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(D) of the Local Rules of the Northern District of Georgia, the undersigned counsel for Defendants hereby certifies that the foregoing document was prepared in a font and point selection approved by this Court and authorized by Local Rule 5.1(C).

This 4th day of December, 2023.

> */s/ Leslee Hungerford*
> Leslee Hungerford
> Georgia Bar No. 423578
> Justin O'Dell
> Georgia Bar No. 549414
> *Attorneys for Plaintiff*
> O'DELL, O'NEAL, HUNGERFORD, & BLANCHARD
> 506 Roswell Street, Suite 210
> Marietta, Georgia 30060
> Telephone: (770) 405-0164
> Fax: (770) 293-0007
> Email: lch@odelloneal.com
>           jbo@odelloneal.com

*Singleton v. Singleton*
District Court of Georgia – Northern Division
Complaint for Damages & Equitable Relief
Page 18