IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN D. SINGLETON,<br><br>  Plaintiff,<br><br>  v.<br><br>MARK A. SINGLETON, *individually and as trustee for the Hubbard Albert Singleton, Sr. Revocable Living Trust*,<br><br>  Defendant. | CIVIL ACTION FILE<br>NO. 1:23-CV-5525-TWT |

**OPINION AND ORDER**

This is a dispute over the administration of a trust. It is before the Court on the Defendant Mark A. Singleton's Motion for Summary Judgment [Doc. 21]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 21] is DENIED in part and GRANTED in part.

**I. Background[1]**

Defendant Mark Singleton is the sole trustee of the Hubbard Albert Singleton, Sr. Revocable Living Trust (the "Trust"). (Def.'s Statement of Undisputed Material Facts ¶ 1). The Trust established a revocable living trust for Hubbard Albert Singleton, Sr. during his lifetime, as the primary beneficiary, and became irrevocable upon his death with his children becoming

---

[1] The operative facts on the Motion for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

the beneficiaries. (Pl.'s Statement of Undisputed Material Facts ¶¶ 1-2). In his role as trustee, Defendant executed a convertible bond in favor of Coin Closing, LLC. (Def.'s Statement of Undisputed Material Facts ¶ 2). Defendant is an owner of Coin Closing LLC and signed the convertible bond as its Managing Director. (Pl.'s Statement of Undisputed Material Facts ¶ 4). On November 3, 2020, Defendant sent the Plaintiff Steven Singleton an email informing him of the convertible bond and attaching a copy of the bond document. (Def.'s Statement of Undisputed Material Facts ¶ 3; *Id.*, Ex. 3). In the email, the Defendant explained that he had "park[ed] the remaining [Trust] funds" into a convertible bond with an 8 percent interest rate and that he would sell the Plaintiff's portion as soon as he could "finalize [a] sale." (*Id.*, Ex. 3).

On or about November 23, 2020, and again on September 12, 2023, the Plaintiff requested a formal accounting and distribution of the Trust funds as required under Article One, Section L of the Trust. (Pl.'s Statement of Undisputed Material Facts ¶¶ 6-7; Pl.'s Resp. in Opp. to Def.'s Mot. for Summ. J., Ex. 2). The Plaintiff has also demanded that the Defendant distribute his Trust interest pursuant to the terms of the Trust. (*Id.* ¶ 8). The Plaintiff brought this action against the Defendant, asserting claims for: breach of fiduciary duties (Count One); removal of the Defendant as trustee (Count Two); conversion (Count Three); fraudulent misrepresentation (Count Four); accounting (Count Five); constructive trust (Count Six); attorney's fees (Count

Seven); and punitive damages (Count Eight). (Compl. ¶¶ 27-62). The Defendant asserted a counterclaim for declaratory judgment under the terms of the Trust. (Ans. & Countercl. ¶ 5-12). The Defendant has moved for summary judgment on the Plaintiff's claims as well as the Plaintiff's defenses to his Counterclaim, and that Motion is presently before the Court.

## II. Legal Standards

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III. Discussion

In moving for summary judgment, the Defendant first argues that the Plaintiff's breach of fiduciary duty and conversion claims are barred by the statutes of limitation. (Def.'s Br. in Supp. of Mot. for Summ. J., at 4-5). He

3

contends that his November 3, 2020 email to the Plaintiff triggered the shorter two-year statute of limitations under O.C.G.A. § 53-12-307(a) because the email put the Plaintiff on notice of any potential breach of duty claim against him at that time. (*Id.* at 5-6). The Defendant also argues that the Plaintiff's conversion claim is barred by the four-year statute of limitations in O.C.G.A. § 9-3-32 because the convertible bond was executed on July 1, 2019, more than four years prior to the filing of this action. (*Id.* at 6-7). Finally, the Defendant asserts that he is entitled to summary judgment on the Plaintiff's defenses to his Counterclaim, including the defenses of failure to state a claim, unclean hands, and estoppel, because the Plaintiff has failed to provide any factual basis for those defenses. (*Id.* at 7-8).

The Plaintiff responds that it is unclear which claims the Defendant seeks summary judgment on. (Pl.'s Resp. in Opp. to Mot. for Summ. J., at 3-4). As to the breach of fiduciary duty and conversion claims, he asserts that his claims are not time-barred because the two-year statute of limitations for the breach of fiduciary duty claim does not apply and the convertible bond, which is the subject of the conversion claim, did not mature until January 3, 2022. (*Id.* at 4-6). Lastly, the Plaintiff summarily asserts that there is a genuine issue of material fact as to the Defendant's Counterclaim for declaratory judgment, which precludes summary judgment. (*Id.* at 6).

Although unclear, the Court agrees with the Plaintiff that the Defendant seems to have moved for summary judgment only as to the breach of fiduciary duty and conversion claims as those are the only two expressly mentioned. Therefore, the Court will address the Defendant's arguments as to those two claims. O.C.G.A. § 53-12-307(a) provides that for claims against a trustee for breach of trust, the statute of limitations is two years "if a beneficiary has received a written report that adequately discloses the existence of a claim against the trustee for breach of trust." Otherwise, the statute of limitations is six years. *Id.* The statute further provides that "[a] report adequately discloses [the] existence of a claim if it provides sufficient information so that the beneficiary knows of such claim or reasonably should have inquired into the existence of such claim." *Id.* The Georgia Supreme Court has elaborated that such a report must "include the assets, liabilities, receipts, and disbursements of the trust, the acts of the trustee, and the particulars relating to the administration of the trust, including the trust provisions that describe or affect such beneficiary's interest." *Hasty v. Castleberry*, 293 Ga. 727, 732 (2013) (quotation marks and citation omitted).

The Defendant's November 3, 2020 email to the Plaintiff does not constitute a "report" within the meaning of O.C.G.A. § 53-12-307(a) under this definition. The email says only that the Trust funds were put into a convertible bond with 8 percent interest and that the Defendant had planned to sell it as

5

soon as he could "finalize [a] sale." (Def.'s Mot. for Summ. J., Ex. 3). This is a far cry from the level of detail that the Georgia Supreme Court contemplated for a trust report in *Hasty*. Accordingly, the Plaintiff's breach of fiduciary duty claim is subject to the standard six-year statute of limitations in O.C.G.A. § 53-12-307(a) and, because the claim is thus timely, the Defendant's Motion for Summary Judgment fails as to this claim.

As to the Plaintiff's conversion claim, the Defendant's contention that the claim accrued and the statute of limitations began running on July 1, 2019—when the convertible bond was executed—is without merit. As the Plaintiff notes, the convertible bond had a maturity date of January 3, 2022. (Def.'s Mot. for Summ. J., Ex. 2 at 1). But under Georgia law, the statute of limitations for a tort action begins to run when the damage from a tortious act is actually sustained. *Therrell v. Ga. Marble Holdings Corp.*, 960 F.2d 1555, 1560 (1992). Put another way, the statute of limitations begins to run when the injured party first knew or should have known of his alleged injuries. *HealthPrime, Inc. v. Smith/Packett/Med-Com, LLC*, 428 Fed. Appx. 937, 942-43 (2011). Since the convertible bond did not mature with payment becoming due until January 3, 2022, the Plaintiff could not have maintained an action for conversion of the Trust funds prior to that date, since theoretically the Defendant could have disbursed the Plaintiff's share from the convertible bond's matured proceeds. As the Plaintiff alleges the Defendant failed to do so,

6

thus forming the basis of his conversion claim, the statute of limitations began running on January 3, 2022. Conversion claims carry a four-year statute of limitations under Georgia law, *see* O.C.G.A § 9-3-32, and the claim is therefore timely. Accordingly, the Defendant's Motion for Summary Judgment will be denied as to the conversion claim.

Finally, the Court will grant the Defendant's Motion for Summary Judgment as to three of the Plaintiff's affirmative defenses to the Defendant's Counterclaim: failure to state a claim, unclean hands, and estoppel. The Defendant has shown that the Plaintiff has not presented any evidence or responded to interrogatories supporting these defenses, shifting the burden to the Plaintiff to rebut the Defendant's evidence. *See Celotex Corp.*, 477 U.S. at 323-24; *Anderson*, 477 U.S. at 257. The Plaintiff's only response to the Motion as to this issue was that the Defendant is not entitled to summary judgment on his Counterclaim, but the Defendant did not move for summary judgment on the Counterclaim itself. *See Def.'s Br. in Supp. of Mot. for Summ. J.*, at 7-8). Granting summary judgment on these defenses to the Counterclaim does not doom the Plaintiff's chances to defend the Counterclaim altogether, however; at trial, the Plaintiff can still put on evidence showing that the Defendant's Counterclaim lacks merit.

7

## IV. Conclusion

For the foregoing reasons, the Defendant Mark A. Singleton's Motion for Summary Judgment [Doc. 21] is DENIED in part and GRANTED in part. The Plaintiff and the pro se Defendant are each DIRECTED to file a proposed pretrial order that complies with LR 16.4, N.D.Ga. within 30 days of the date of this Order.

SO ORDERED, this ___8th___ day of November, 2024.

*Thomas W. Thrash* (signature)
THOMAS W. THRASH, JR.
United States District Judge